IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES CLAY SANMANN,

    Petitioner,

v.                                            CASE NO. 5:12-cv-357-MP -GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## O R D E R

This matter is before the Court on Doc. 1, Petitioner's petition for a writ of habeas corpus. Petitioner is a state prisoner serving a sentence imposed in Leon County, Florida. Petitioner did not file his petition on this District's form for state prisoners challenging their convictions and sentences. Petitioner has neither paid the $5.00 filing fee nor filed a motion for leave to proceed as a pauper. Consideration of the petition will be deferred until Petitioner files an amended petition on the correct form and either pays the $5.00 filing fee or is granted leave to proceed as a pauper.

Accordingly, it is **ORDERED:**

1. The Clerk shall send Petitioner a blank 28 U.S.C § 2254 petition form for state prisoners and an application for leave to proceed as a pauper.

2. Petitioner shall file his original Amended Petition, together with two identical service copies, **on or before December 1, 2012.** Failure to comply with this Order within the allotted time will result in a recommendation to the District Judge

that this case be dismissed without further notice.[1]

**DONE AND ORDERED** this 1st day of November 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. See 28 U.S.C. § 2244(d)(1). Although the one-year period is tolled during the time in which a properly filed application for state post- conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).