IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES CLAY SANMANN,

    Petitioner,

v.                                                                                      CASE NO. 5:12-cv-357-MP -GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## O R D E R

This matter is before the Court on Doc. 4, Petitioner's amended petition for a writ of habeas corpus and Doc 5, Petitioner's motion for leave to proceed as a pauper. The Court previously instructed Petitioner to amend his petition on the Court's forms, and the Clerk sent him forms for this purpose. The amended petition is not completed on the proper forms and instead is a memorandum of law preceded by two pages of the Court's forms. Consideration of the petition will be deferred until Petitioner files an amended petition on the correct form. Petitioner is advised that he may attach his memorandum of law to the form, but this is not a substitute for <u>completely</u> filling out the Court's form.

    Accordingly, it is **ORDERED:**

    1. The Clerk shall send Petitioner a blank 28 U.S.C § 2254 petition form for state prisoners.

    2. Petitioner shall file his Second Amended Petition, together with two identical service copies, **on or before December 26, 2012.** Failure to comply with this Order within the allotted time will result in a recommendation to the District Judge

that this case be dismissed without further notice.[1]

3. Petitioner's motion for leave to proceed as a pauper, Doc. 5, is **GRANTED.**

**DONE AND ORDERED** this 26th day of November 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. See 28 U.S.C. § 2244(d)(1). Although the one-year period is tolled during the time in which a properly filed application for state post- conviction relief is pending, see *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. See *Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).