IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES CLAY SANMANN,

    Petitioner,

v.                                                 CASE NO. 5:12-cv-357-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2007 Leon County conviction for two counts of robbery. (Docs. 1, 7.) Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. (Doc. 15.) Petitioner has filed a Response. (Doc. 18.) Upon due consideration of the motion to dismiss, the Petitioner's response, and the state-court record, the undersigned recommends that the motion to dismiss be granted.[1]

## **One-Year Limitations Period**

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

the time for seeking such review[.]"   The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Petitioner's state court procedural history is as follows: Petitioner was convicted of two counts of robbery following his jury trial on June 20, 2007.  (Doc. 15, Exh. A.)  He was sentenced on July 9, 2007 to 30 years imprisonment for each count, with the sentences to be served concurrently.  (Exh. A.)  Petitioner appealed his conviction, which was affirmed without opinion by the First DCA on October 15, 2008. (Exh. J); *Sanmann v. State,* 992 So. 2d 258 (Fla. 1st DCA 2005).  Petitioner's conviction became final 90 days later, on January 13, 2009,  when the time for filing a petition for a writ of *certiorari* in the Supreme Court expired.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek *certiorari* in Supreme Court after direct review in state courts).

The one-year limitations ran for **268 days** from after January 13, 2009 until October 8, 2009, when Petitioner filed a Rule 3.850 motion.  (Exh. M.)  The limitations period was tolled until December 15, 2010, when Petitioner, through counsel, withdrew his 3.850 motion.  (Exh. M, pp. 94-96.)  Thirty-four days later, on January 18, 2011, Petitioner filed another 3.850 motion.  (Exh. M, pp. 1-16, 17-53.)  The state court ultimately ruled that the second 3.850 motion was untimely, and the First DCA affirmed without opinion.  (Exhs. M, Q.)  After rehearing was denied, mandate issued on July 17, 2012.  (Exhs. R-T.)  Petitioner filed a 3.800 motion to correct illegal sentence on August 31, 2012.  The motion was denied, the First DCA affirmed without opinion, and

mandate issued June 10, 2013. (Exhs. U, W, PD-1, PD-2.) The instant habeas petition was provided to prison officials for mailing on October 17, 2012. (Doc. 1.)

The limitations period in Petitioner's case began running from January 13, 2009, when his conviction became final. It ran for 268 days until Petitioner filed a 3.850 motion on October 8, 2009. The limitations period was tolled until December 15, 2010, upon the withdrawal of Petitioner's 3.850 motion. It continued to run until its expiration on March 11, 2011. The instant federal habeas petition was filed October 17, 2012, more than 19 months *after* the limitations period expired.

Petitioner's first 3.850 motion, filed January 18, 2011, did not act as a tolling event because the motion, dismissed as untimely, was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that a post-conviction motion rejected as untimely by a state court was not "properly filed"). And despite Petitioner's argument to the contrary, the reinstatement of his mandamus petition on March 30, 2011–which was subsequently denied on May 10, 2011–would not render his petition timely. Accordingly, because Petitioner did not file the instant habeas petition until more than 19 months after the limitations period had already expired, his petition is due to be dismissed as time-barred unless he can demonstrate entitlement to equitable tolling or some other exception to AEDPA's one-year limitations period.

**The "Actual Innocence" Exception to the Limitations Period Does Not Apply**

Petitioner's response in opposition to the motion is directed at his arguments why his petition was timely, but he does make a claim of actual innocence in his second amended petition. (Doc. 7.) However, his conclusory assertions are insufficient to

invoke the actual innocence exception. An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the Petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

In the instant case, Petitioner makes broad assertions of his innocence ("I was not at the [scene] of the crime") and what he perceives as a lack of evaluation by a trier of fact, but alleges no facts that would give rise to the actual innocence exception. (Doc. 7, p. 6.) The absence of any new reliable evidence of his asserted innocence is fatal to Petitioner's claim of entitlement to an actual innocence gateway through the one-year federal limitations bar. *See Rozzelle*, 672 F.3d at 1011; *see also Bruno v. Tucker* 2012 WL 5307931, *6 (N.D.Fla. 2012) (unpublished).[2]

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

---

[2]Although unpublished opinions are not binding on this Court, they are persuasive authority. 11th Cir. R. 36-2.

showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. The motion to dismiss, Doc. 15, should be **GRANTED** and the second amended petition for writ of habeas corpus, Doc. 7, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

IN CHAMBERS this 3rd day of October 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**